# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

JASON WOOLLEY, *et al.*,

        Plaintiff,

                                   **Civil Action 2:16-cv-216**
                                   **Judge George C. Smith**
       v.                            **Magistrate Judge Chelsey M. Vascura**

JESSE ALLEN, *et al.*,

        Defendants

## REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's September 11, 2017 Show Cause Order. (ECF No. 44.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff Jason Woolley's claims be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and that the Court impose the sanction of default judgment with respect to those claims that have been brought against him.

## I.

Plaintiff Jason Woolley ("Woolley") filed this action on March 9, 2016. (ECF No. 1.) At that time, he was represented by counsel. The Court granted Woolley's counsel's motion for withdrawal on May 16, 2017, advising Woolley that he has sixty days to obtain new counsel. (ECF No. 36.) The Court advised Woolley that "If he is unable [to retain new counsel], the Court will expect him to represent himself." (*Id.*) The sixty days has expired July 16, 2017, and to date, Woolley has failed to retain new counsel.

On July 31, 2017, the Court directed the parties to confer and submit a proposed scheduling

order to establish new case schedule deadlines on or before August 31, 2017.   (ECF No. 43.) Because the parties had not timely complied with the Court's Order, the Court ordered Woolley to show cause on or before September 25, 2017, why this case should not be dismissed for want of prosecution.   (Sept. 11, 2017 Show Cause Order, ECF No. 44.)   In the Show Cause Order, the Court stated as follows:   "Plaintiff is specifically cautioned that failure to comply with this Order will result in dismissal of his action with prejudice."   (*Id*. at 1.)   Woolley did not timely respond to the Show Cause Order.

On September 12, 2017, Intervenor Plaintiff John Rankin did, however, respond and requested a status conference.   (ECF No. 45.)   On September 14, 2017, the Court granted Intervenor Plaintiff Rankin's request and scheduled the case for a telephonic status conference on September 21, 2017.   (ECF No. 46.)   During the September 21, 2017 telephonic conference, Woolley did not appear.   Woolley did not notify the Court in advance that he was unable to make arrangements to participate in the conference.   To date, he has neither responded to the September 11, 2017 Show Cause Order (ECF No. 44) nor provided an explanation for his failure to make arrangements to attend the September 21, 2017 telephonic conference.   The remaining parties, all of whom appeared through counsel at the September 21, 2017 conference, represented that Woolley had not prosecuted this action since his counsel withdrew.

## II.

Under the circumstances presented in the instant case, the undersigned recommends the sanction of dismissal of Woolley's claims pursuant to Rule 41(b) and the sanction of entry of default judgment for those claims brought against Woolley.

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the

plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999).

Similarly, Federal Rule of Civil Procedure 16(f) provides that a Court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a . . . . pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). Federal Rule of Civil Procedure 37(b)(2)(A) identifies entry of "a default judgment against the disobedient party" as a permissible sanction. Fed. R. Civ. P. 37(b)(2)(A)(vi); *see also In re Leonard*, 644 F. App'x 612, 618 (6th Cir. 2016) (affirming trial court's sanction of default judgment where the defendants had willfully failed to comply with pretrial orders); *Dell, Inc. v. Advicon Computer Servs., Inc*., No. 06–11224, 2007 WL 2021842, at *5 (E.D. Mich. July 12, 2007) ("[I]t is well-established that a federal court has the inherent authority to . . . enter default judgment . . . based on a party's failure to obey court orders in general . . . when the circumstances warrant as much."), *aff'd Dell, Inc. v. Elles*, No. 07–2082, 2008 WL 4613978 (6th Cir. June 10, 2008). Moreover, this Court "has the inherent power to 'protect[ ] the due and orderly administration of justice and . . . maintain[ ] the authority and dignity of the court . . . .'" *Bowles v. City of Cleveland*, 129 F. App'x 239, 241 (6th Cir. 2005) (quoting *Cooke v. United States*, 267 U.S. 517, 539 (1925) (alternations in the original)).

The Sixth Circuit directs the district courts to consider the following four factors in

deciding whether to issue these harsh sanctions:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (internal quotation marks and citation omitted); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

## III.

Here, Woolley failed to comply with Court's July 31, 2017 Order, failed to timely respond to the Court's September 11, 2017 Show Cause Order, and failed to attend or provide any explanation for his failure to make arrangements to attend the September 21, 2017 telephonic conference. Moreover, Woolley was advised in May 2017 that he was expected to represent himself if he did not obtain new counsel (May 16, 2017 Order, ECF No. 36 at 1) and explicitly cautioned in the September 11, 2017 Show Cause Order "that failure to comply with this Order will result in dismissal of his action with prejudice" (ECF No. 44 at 1). *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Woolley's failure to timely comply with the clear Orders of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson,*

*Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Woolley has missed deadlines, disregarded Court orders, and failed to appear for telephonic conferences without providing an explanation, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

It is therefore **RECOMMENDED** that the Court **DISMISS** Woolley's claims under Rule 41(b) and that the Court **ENTER DEFAULT JUDGMENT** against Woolley with respect to those claims brought against him.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).   A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.   Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.   28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

_/s/ Chelsey M. Vascura_
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE