# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JASON WOOLLEY,

    Plaintiff,

                                    Civil Action 2:16-cv-216
                                    Judge George C. Smith
    v.                               Magistrate Judge Chelsey M. Vascura

MORGAN MOVING & STORAGE, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, Jason Woolley, brought this action in this Court pursuant to 28 U.S.C. §1332 against Morgan Moving & Storage, Inc. ("Morgan") and Jesse Allen ("Allen"), asserting a number of state-law claims. Intervenor Plaintiff John Rankin was joined by Defendants Morgan and Allen. Intervenor Plaintiff then filed an Intervening Complaint and added Pilot Travel Centers, LLC ("Pilot") as a defendant. This matter is before the undersigned for a Report and Recommendation on the question of whether subject-matter jurisdiction exists in this case (ECF No. 54), as well as Intervenor Plaintiff's Motion to Remand (ECF No. 55), Defendant Pilot's Response in Opposition (ECF No. 56), Defendants Allen's and Morgan's Response in Opposition (ECF No. 57), and Intervenor Plaintiff's Reply (ECF No. 58). For the reasons set forth below, the undersigned concludes that this Court lacks subject-matter jurisdiction such that dismissal is required under Federal Rule of Civil Procedure 12(h)(3). It is therefore **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** to refiling in state court. (ECF No. 55.) Although Intervenor Plaintiff's Motion is styled a Motion to

Remand, this action was originally filed in this Court such that there is no state court to which this case can be remanded. Because, however, the undersigned is recommending dismissal of this action without prejudice to refiling in state court, it is **RECOMMENDED** that Intervenor Plaintiff's Motion to Remand be **DENIED AS MOOT**. (ECF No. 55.)

## I. FACTS AND BACKGROUND

Plaintiff Jason Woolley brought this action in federal court pursuant to 28 U.S.C. § 1332, stating in his Complaint that he was a resident of Ohio. (Compl. 1, ECF No. 1.) He asserts state-law claims against Allen, a resident of Tennessee, and Morgan, a Mississippi corporation, for injuries resulting from a motor vehicle accident between the parties on March 14, 2015. (*Id.*) In their Answer, Defendants Allen and Morgan assert counterclaims against Woolley for negligence and recklessness in his operation of the motor vehicle. (Defs.' Answer 3-4, ECF No. 9.)

Although not initially part of the lawsuit, William Rankin, a resident of Ohio, was a passenger in Woolley's vehicle and was killed in the accident. (*See* Def.'s Mot. to Join 2, ECF No. 15.) As such, Defendants Allen and Morgan moved pursuant to Rule 19 of the Federal Rules of Civil Procedure to join John Rankin, the Administrator of decedent William Rankin's estate, as a necessary party. (ECF No. 15.) Finding good cause, this Court granted Defendants' Motion on June 16, 2016. (ECF No. 17.)

Once joined, Rankin filed an Intervening Complaint against Defendants Allen and Morgan and brought in Pilot as a new Defendant. (ECF No. 21.) Rankin asserts state-law claims for wrongful death and negligence against Defendants Allen, Morgan, and Pilot. (*Id.*) Rankin also brought a Cross-Claim against Woolley for wrongful death and negligence in the death of William Rankin, because Woolley was allegedly driving while intoxicated. (*Id.* at 7–8.)

On November 30, 2017, Intervenor Plaintiff filed the subject Motion to Remand,

asserting that his Cross-Claim against Woolley destroys complete diversity and divests this court of subject-matter jurisdiction. (ECF No. 55.) Intervenor Plaintiff maintains that after he was joined as a necessary party under Rule 19, (*see* ECF Nos. 15 & 17), his Cross-Claim against Woolley resulted in a situation where "all of the parties on one side of the litigation are not of different citizenship from all parties on the other side; *i.e.*, Woolley and Rankin are both from Ohio." (Mot. to Remand 5, ECF No. 55.) Finally, Intervenor Plaintiff asserts that the burden of establishing diversity jurisdiction is on the party bringing the case into federal court. (*Id.* at 6.)

Defendants counter that a cross-claim asserted against non-diverse co-plaintiffs does not destroy diversity. (Def.'s Resp. in Opp'n to Mot. to Remand 4, ECF No. 56; Defs.' Resp. in Opp'n to Mot. to Remand 5, ECF No. 57) Rather, Defendants maintain that in this case, each named Plaintiff is diverse from each named Defendant. (Def.'s Resp. 3-4, ECF No. 56 ("Intervening Plaintiff's claim against Plaintiff Woolley is a crossclaim, *i.e.* Plaintiff Woolley and Intervening Plaintiff are still on opposites sides from the Defendants."); Defs.' Resp. 5, ECF No. 57 ("This Court has aligned Plaintiff Woolley and Intervening Plaintiff, placing them on the 'same side' of this litigation.").) In support of their argument, Defendants rely on *Keen v. Burlington N. Santa Fe Corp.*, where the court held that "a cross-claim between non-diverse co-parties which is within a court's ancillary jurisdiction does not destroy diversity so long as each plaintiff is diverse from each defendant." 438 F.Supp.2d 724, 728 (S.D. Tex. 2006). Defendant Pilot further asserts that because a cross-claim is within the court's ancillary jurisdiction, and this Court has jurisdiction over the original action, "it would be proper to adjudicate Intervening Plaintiff's crossclaim under its ancillary jurisdiction." (Def.'s Resp. in Opp'n 4, ECF No. 56.) In support of this argument, Defendant Pilot points to *Ryan v. Schneider Natl. Carriers, Inc.*, where the United States Court of Appeals for the Eighth Circuit held that "[t]he addition of the

cross-claim [by a non-diverse co-party] did not defeat diversity jurisdiction." 263 F.3d 816, 819-20 (8th Cir. 2001).

Intervenor Plaintiff's Reply distinguishes the cases cited in support of Defendants' arguments. (ECF No. 58.) Intervenor Plaintiff asserts that in *Keen*, the court's decision hinged on the fact that the parties' cross-claims were brought "to defeat diversity jurisdiction merely by filing a pleading." (*Id.* at 3.) Intervenor Plaintiff further asserts that *Ryan* does not apply as the court again found that the purpose of the cross-claim was simply to defeat diversity jurisdiction. (*Id.* at 4.) Moreover, Intervenor Plaintiff posits that a proper alignment of the parties would be different in state court if he had filed the action there first and that the present alignment exists only because Woolley filed first. (*Id.* at 3.) Finally, Intervenor Plaintiff counters Defendants' assertions that this Court should find it has supplemental jurisdiction over Intervenor Plaintiff's claims. In support of this argument, Intervenor Plaintiff points to 28 U.S.C. § 1376(b), asserting that jurisdiction would be improper under § 1367(b) as a matter of law. (*Id.* at 4.)

## II. LEGAL STANDARD

"Federal Courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Id*. (citations omitted). Further, "[i]t is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (citations omitted). *See also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."). "The basic statutory provisions that grant federal courts subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for

'[f]ederal-question' jurisdiction, and 28 U.S.C. § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete diversity of citizenship, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"As always, the party invoking federal jurisdiction has the burden to prove that jurisdiction." *Glob. Tech., Inc. v. Yubei (Xinxiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015).

## III. DISCUSSION

### A.     Plaintiff Woolley's Domicile

To determine whether this Court has subject-matter jurisdiction under 28 U.S.C. § 1332, the undersigned must first determine Woolley's domicile. In his Complaint, Woolley states that he is "a resident of the State of Ohio." (Compl. 1, ECF No. 1.) Defendants Allen and Morgan, however, suggest in their Motion to Join (ECF No. 15) that Woolley may not actually have been a resident of Ohio at the time the Complaint was filed. Defendants assert that Woolley's citizenship is "ambiguous" because the caption of Woolley's Complaint lists a Nevada address, whereas the body of his Complaint states he is a resident of Ohio. (*Id.* at 3; *see also* Compl. 1, ECF No. 1.)

When examining diversity of citizenship, courts "equate the citizenship of a natural person with his domicile." *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994) (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). "For purposes of establishing diversity jurisdiction under Section 1332, 'citizenship'

is synonymous with 'domicile,' and not with 'residence.'" *Novel v. Zapor*, No. 2:12-cv-737, 2013 WL 1183331, at *5 (S.D. Ohio Mar. 21, 2013) (citing *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir.1968)). To determine a party's domicile, the court must apply a two-part test: first, to acquire domicile "a person must be physically present in the state," and second, the person "must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973).

Based on the information in the record as it currently is situated, the undersigned finds that Woolley's domicile is Ohio. Although at the time of filing Woolley maintained an address in Nevada, he stated in his Complaint that he is a "resident of the State of Ohio." (Compl. 1, ECF No. 1.) Plaintiff Woolley's Complaint was prepared when he was still represented by counsel. (*See* Order, ECF No. 36 (granting Plaintiff's Counsel's Motion to Withdraw).) Counsel signed the Complaint, which under Federal Rule of Civil Procedure 11 certifies to this Court that Counsel had information and belief that the "factual contentions have evidentiary support." *See* Fed. R. Civ. P. 11(a)-(b). Further, the fact that the caption of the Complaint lists a Nevada address does not dissuade the Court in light of the explicit statement in the Complaint stating Plaintiff is a resident of Ohio. Rather, Woolley's representation of his residence in his Complaint suggests that Woolley considered Ohio to be his domicile.

As Defendants seek to invoke subject matter jurisdiction by opposing Intervenor Plaintiff's motion to remand, it is they who have the burden of proof. *Glob. Tech., Inc.* 807 F.3d at 810. However, Defendants have not put forth any evidence to contradict or otherwise undermine Woolley's allegation of domicile in his Complaint. In addition to this failure to offer any evidentiary support sufficient to raise a question of fact as to Woolley's domicile, Defendants, in their Responses, do not appear to argue that his domicile is in dispute. (*See*

Defs.' Resp. in Opp'n 3, ECF No. 57 (noting only that "Plaintiff Woolley is a resident of either Ohio or Nevada"); Def.'s Resp in Opp'n 3, ECF No. 56 ("Both Plaintiff Woolley and Intervening Plaintiff are citizens of Ohio.").) Moreover, although the Parties filed their final Rule 26(f) Report on October 3, 2017 (ECF No. 49), Defendants have neither proffered any discovery responses relevant to the question of domicile, nor sought leave of the Court to depose Woolley. Absent evidentiary support to the contrary, the undersigned finds that Woolley's domicile is Ohio for the purposes of assessing diversity jurisdiction.

**B.     Indispensable Party**

Diversity jurisdiction is generally established at the time of the filing of a lawsuit. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571-71 (2004) ("This time-of-filing rule . . . measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing."). Despite the general rule, diversity jurisdiction can be destroyed by the addition of indispensable parties. *See Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (quoting 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3723 (3d ed. 1998)).

The question then is whether Intervenor Plaintiff is an indispensable party such to divest this Court of subject-matter jurisdiction. To determine whether a party is indispensable under Rule 19 of the Federal Rules of Civil Procedure, the Court will generally apply a three-part test. *Laethem Equip. Co. v. Deere & Co.*, 485 F. App'x 39, 43–44 (6th Cir. 2012) (citing *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004)). Specifically, the Court must determine: (1) whether the person is a necessary party under Rule 19(a); (2) if the person is a necessary party, whether joinder of that person will deprive the court of subject-matter jurisdiction; and (3) if joinder is not feasible because it will deprive the court of its ability to hear the case, whether an

7

analysis of the Rule 19(b) factors shows the court should "in equity and good conscience dismiss the case because the absentee is indispensable." *Id.* Here, the parties appear to concede that Intervenor Plaintiff Rankin is an indispensable party. (*See* Defs.' Mot. For Joinder, ECF No. 15; Def.'s Resp. in Opp'n to Mot. to Remand 3, ECF No. 56.) For the reasons that follow, the undersigned agrees.

### 1. Intervenor Plaintiff is a Necessary Party

"A party is necessary under Rule 19 if either (1) in the party's absence, the court cannot accord complete relief among existing parties or (2) if the party claims an interest relating to the subject of the action and disposing of the action in the party's absence may (i) as a practical matter impair or impede the party's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring multiple or otherwise inconsistent obligations because of the interest" *Laethem Equip. Co.*, 485 F. App'x at 44 (internal citations omitted).

Here, Intervenor Plaintiff claims an interest relating to the auto accident at issue. Specifically, Intervenor Plaintiff asserts state-law claims against Woolley and all named Defendants for allegedly causing the death of William Rankin. If this action were disposed of in Intervenor Plaintiff's absence, his ability to protect his interests would be impaired and impeded. In the event this action is disposed of in Intervenor Plaintiff's absence, he would be required to file an action in state court. Thus, Intervenor Plaintiff would be expected to proceed with two parallel cases, at his own expense: first, the case in this Court against Defendants Morgan, Allen, and Pilot; and second, a case in state court against Woolley. Moreover, disposing of the action in this court could potentially lead to inconsistent obligations for Woolley, as he could be found not liable in this Court, yet liable in state court under the same operative facts. Therefore, Intervenor Plaintiff is a necessary party under Rule 19.

### 2. Intervenor Plaintiff's Cross-Claim Destroys Subject-Matter Jurisdiction

Upon proper alignment of the parties in this action, the undersigned finds that Intervenor Plaintiff's Cross-Claim destroys complete diversity. As discussed *infra*, the proper alignment of the real party in interest under Rule 17 of the Federal Rules of Civil Procedure places Intervenor Plaintiff Rankin as plaintiff and Woolley as a defendant. Thus, because Rankin and Woolley are each citizens of Ohio, diversity is destroyed by Rankin's joinder.

### 3. Intervenor Plaintiff is an Indispensable Party

The final step is to determine whether the Court should "in equity and good conscience" dismiss the action because Rankin is indispensable according to the factors provided in Rule 19(b) of the Federal Rules of Civil Procedure. Rule 19(b) requires the Court to examine at least four factors, including:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> > (A) protective provisions in the judgment;
> > (B) shaping the relief; or
> > (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b)(1)-(4).

The first, second, and fourth factors suggest that this Court cannot proceed in the absence of Intervenor Plaintiff. First, dismissal of Intervenor Plaintiff's Cross-Claim would require him to enter into a parallel case in state court against Woolley. There is significant risk judgment in the instant case could adversely affect the parallel proceedings. Further, any determination

holding Woolley liable without Intervenor Plaintiff present could result in an inadequate remedy for Intervenor Plaintiff if he prevails in a state court claim against Woolley. Similarly, multiple cases arising out of this same set of operative facts could result in differing or duplicate liabilities for Morgan, Allen, Pilot, and Woolley. Moreover, Intervenor Plaintiff would be significantly prejudiced by being required to seek two separate judgments—one in this Court against Defendants, and one in state court against Woolley. Second, this Court does not have any method by which it can reduce the prejudice against Intervenor Plaintiff. For example, a judgment against Woolley could leave him insolvent, thereby precluding Intervenor Plaintiff from collecting on any judgment from a state court case. If Intervenor Plaintiff were able to attain a judgment against Woolley and other Defendants in this Court, he could collect the judgment under joint and several liability. This Court is unable to shape the relief to avoid that potential prejudice. Finally, if the action is dismissed, both Intervenor Plaintiff and Woolley would be able to pursue the entire action in an Ohio state court and therefore would not be prejudiced by this Court dismissing the action. As Intervenor Plaintiff notes in his Motion to Remand, "where an alternative state forum exists, that factor 'weighs strongly in favor of remanding th[e] case' because '[i]n state court, all the parties who should be joined, can be joined.'" (ECF No. 55 at 5 (quoting *Takeda v. Northwest Nat'l Life Ins. Co.*, 765 F.2d 815, 820 n. 5, 821 (9th Cir. 1985)).) Although a judgment rendered against the named Defendants would not be inadequate under the third factor (as Intervenor Plaintiff could remain a plaintiff in this action as to Defendants Allen, Morgan, and Pilot), the remaining factors weigh heavily in favor of dismissal.

In conclusion, for an equitable and fair result, all parties to this case must remain. As such, the undersigned finds that Intervenor Plaintiff is an indispensable party. Accordingly, this

Court must dismiss the action for lack of subject-matter jurisdiction. *See Kentucky Natural Gas Corp. v. Duggins*, 165 F.2d 1011, 1015 (6th Cir. 1948) (holding that "if the intervening petition . . . brings into the action an indispensable party, and upon proper alignment his citizenship destroys the previously existing diversity of citizenship, the District court loses jurisdiction to proceed in the action.").

Further, as discussed below, even if Intervenor Plaintiff were not an indispensable party, the proper alignment of the parties would destroy diversity and divest this Court of subject-matter jurisdiction.

C.      **Diversity Jurisdiction Under 28 U.S.C § 1322**

As discussed *supra*, generally, diversity jurisdiction is established at the time of the filing of a lawsuit. *Grupo Dataflux*, 541 U.S. at 570-71. When the Court aligns parties in a dispute for the purpose of determining diversity of citizenship, "[a] plaintiff's alignment of the parties . . . is not determinative." *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994). Rather, "a federal court must look beyond the nominal designation of the parties in the pleadings and should realign the parties according to their real interests in the dispute." *Id.* (citing *Dawson v. Columbia Ave. Sav. Fund*, 197 U.S. 178, 180 (1905)). Rule 17(a) of the Federal Rules of Civil Procedure provides that "[a]n action must be prosecuted in the name of the real party in interest. "Under the rule, the real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law." *Certain Interested Underwriters at Lloyd's, London, England*, 26 F.3d at 42-43.

This case was brought as the result of an auto accident that injured Woolley and killed William Rankin. The parties were initially aligned according to Woolley's original Complaint. Woolley was therefore aligned as Plaintiff, and Rankin was later joined as an Intervenor

11

Plaintiff. As an Intervenor Plaintiff, Rankin asserts claims against all named Defendants. Woolley has not filed an amended complaint to assert any claim against newly added Defendant Pilot. Both the original Complaint and Intervenor's Complaint assert that Defendants Allen and Morgan negligently caused the accident. Rankin's Intervenor Complaint further asserts that Pilot's negligence contributed to the accident. If this were the extent of the claims, the inquiry would end here, and this Court would retain jurisdiction. However, Intervenor Plaintiff also filed a Cross-Claim against Woolley, alleging that Woolley's "negligence, recklessness, wantonness, and carelessness" contributed to causing the accident and William Rankin's death. (Intervenor Compl. 7-8, ECF No. 21.) Importantly, Rankin also alleges that Woolley was driving under the influence of alcohol at the time of the accident. (*Id.* at 7.) In sum, the facts indicate that the real party in interest is Rankin.

Upon review of the parties and their real interests, the undersigned finds that the proper alignment of the parties, for the purposes of determining diversity of citizenship, places Rankin as the sole plaintiff and Woolley as a defendant.[1]

In conclusion, proper alignment of the parties persuades the undersigned to conclude that, because Intervenor Plaintiff and Woolley are both residents of Ohio, this Court lacks subject-matter jurisdiction over this action under 28 U.S.C. § 1332.

### D. Supplemental Jurisdiction Under 28 U.S.C. § 1367

Defendants assert that this Court may exercise supplemental jurisdiction over Intervenor Plaintiff's Cross-Claim pursuant to 28 U.S.C. § 1367(a), because the claims are "so related to claims in . . . the original action that they form part of the same case of controversy." However, the undersigned finds that the prohibitive provision of § 1367(b) prevents the Court from doing

---

[1] The undersigned notes that if aligned as a Defendant, Woolley could properly assert cross-claims against Defendants Allen and Morgan.

so. Pursuant to § 1367(b):

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims . . . by persons proposed to be joined as plaintiffs under Rule 19 of such rules . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C § 1367(b).

In this case, the original action was brought under § 1332. Intervenor Plaintiff was then joined under Rule 19. Thus, § 1367(b) applies. The issue presented, then, is whether exercising supplemental jurisdiction over Intervenor Plaintiff's Cross-Claim would be "inconsistent with the jurisdictional requirements of section 1332." *Id. See also* 28 U.S.C. §1332 (requiring diversity of citizenship and amount in controversy to confer jurisdiction). For the reasons discussed *supra*, the undersigned finds that Intervenor Plaintiff's Cross-Claim destroys diversity of citizenship and is therefore inconsistent with the jurisdictional requirements of § 1332. Consequently, this Court cannot exercise supplemental jurisdiction in this action.

**E.     Policy Considerations**

The undersigned notes that the outcome of this case implicates a significant policy consideration, namely, whether winning a race to file should be sufficient to confer federal subject-matter jurisdiction. As Intervenor Plaintiff points out in his Reply, "had this case been filed by Rankin first in state Court in Fayette County, it would have been captioned John Rankin, Administrator, Plaintiff, vs. Allen, Morgan, Pilot and Woolley defendants." (Reply to Resp. to Mot. to Remand 3, ECF No. 58.) But instead, Plaintiff Woolley, an Ohio resident, brought this case in federal court pursuant to 28 U.S.C. § 1332 against non-Ohio residents. Intervenor Plaintiff filed his Intervenor Complaint against Defendants Allen and Morgan and brought in new Defendant Pilot, also a non-Ohio resident. Intervenor Plaintiff also asserted a Cross-Claim

13

against Woolley. As a result, this case is captioned *Wooley and Rankin v. Morgan, Allen, and Pilot*. But for the timing of the action, the case could have been captioned *Rankin v. Wooley, Morgan, Allen, and Pilot*. Put simply, the alignment of Woolley as either a plaintiff or defendant was based not on the controversy, but rather because he filed first. Had Intervenor Plaintiff instead filed first, this Court clearly would not have diversity jurisdiction under § 1332 because both Intervenor Plaintiff and Woolley are Ohio residents. Thus, if this Court concludes that it retains jurisdiction notwithstanding Intervenor Plaintiff's Cross-Claim, federal subject-matter jurisdiction under these circumstances turns solely on which party won the race to the courthouse.

Yet another impact of retaining jurisdiction under facts presented here is worth noting: because the Court cannot exercise supplemental jurisdiction over Intervenor-Plaintiff's Cross-Claim, Intervenor-Plaintiff would need to initiate a parallel proceeding against Woolley in state court to protect his interests while also prosecuting his claims against the Defendants in this case. Such a result runs counter to Federal Rule of Civil Procedure 1, which instructs courts to construe, administer, and employ the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

### F. Woolley's Failure to Prosecute

The pending October 2, 2010 Report and Recommendation (ECF No. 48), which recommends dismissal of Plaintiff Woolley's claims for failure to prosecute under Fed. R. Civ. P. 41(b), does not alter the undersigned's recommended result in this Report and Recommendation. Even if the Court adopts the October 2, 2010 Report and Recommendation and dismisses Woolley's claims against Defendants Allen and Morgan, the jurisdictional issue addressed here remains because Intervenor Plaintiff's Cross-Claims against Woolley survive.

14

## IV. DISPOSITION

The undersigned concludes that Intervenor Plaintiff Rankin is properly aligned as a plaintiff, and Woolley is properly aligned as a defendant for the purposes of assessing whether this Court has diversity jurisdiction. Because complete diversity is destroyed upon proper alignment of the parties, this Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332. Pursuant to Federal Rule of Civil Procedure 12(h)(3), the Court must dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction." It is therefore **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** to refiling in state court. (ECF No. 55.) It is further **RECOMMENDED** that Intervenor Plaintiff's Motion to Remand be **DENIED AS MOOT**. (ECF No. 55.)

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                    /s/ *Chelsey M. Vascura*
                                    CHELSEY M. VASCURA
                                    UNITED STATES MAGISTRATE JUDGE